237 F.2d 166
 Joann A. VAN DOLAH, by Anne T. Van Dolah Gordon, Mother and Next Friend, Appellant,
v.
Salvatore MELE, Myrtle Hollman and Charles J. Brady, partners, doing business as The Red Cab Company, Appellees.
 No. 14335.
 United States Court of Appeals Ninth Circuit.
 October 1, 1956.
 
 Bell, Sanders & Tallman, Bailey E. Bell, Anchorage, Alaska, for appellant.
 Davis, Renfrew & Hughes, Anchorage, Alaska, for appellees.
 Before STEPHENS and CHAMBERS, Circuit Judges, and BOLDT, District Judge.
 PER CURIAM.
 
 
 1
 In appellant's Statement of Facts it is said: "On October 5, 1951 between 5:30 and 6:00 in the evening, when it was about dusk the plaintiff, Joann Van Dolah, age about nine years, was struck by a Red Cab and seriously injured. She had been sent on an errand and was struck when she was crossing Spenard Road on Romig Hill near the City of Anchorage at the regular crossing, used by the people in that neighborhood." Suit was brought by and for the child for damages sustained against owners of the cab business and others. A jury trial resulted in a verdict for defendants. The plaintiff appeals.
 
 
 2
 Appellant claims prejudice by reason of the presiding Judge's conduct in general. The judge urged speed but after reviewing the transcript of proceedings we see nothing of prejudice one way or another. Appellant charges specifically that the judge unduly limited rebuttal and denied appellant the right to introduce as rebuttal a drawing by the injured child of the scene of the accident. In chief the child had described the scene, there were drawings of it on a blackboard and photos in evidence. It is quite apparent that the introduction of the drawing would entail practically the repetition of the child's testimony in explanation. The ruling was well within the judge's discretion.
 
 
 3
 There is claim that several instructions were erroneous. We have given them our attention and hold that taken as a whole they were clear as detailed and technical instructions pertinent in injury cases could well be. One or two instructions taken out of context with the instructions as a complete exposition of applicable law would seem deficient. But when in text they are not erroneous. The court refused certain requested instructions proffered by plaintiff. The points covered by each of them were clearly and correctly covered by instructions given.
 
 
 4
 A reading of the whole transcript of the trial proceedings shows a careful, unbiased though hurried conduct of the trial. The injury was regrettable but the jury found no liability of the defendants. We think a detailed analysis of each or any of the several objections of the plaintiff to the instructions would serve no useful purpose.
 
 
 5
 Affirmed.